# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN RONALD BEAGLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,[1] Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:16-cv-01418-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES<br><br>(Doc. 28) |

## I.　　INTRODUCTION

On June 27, 2019, Plaintiff's counsel, Cyrus Safa, filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). Doc. 28. Plaintiff Darrin Ronald Beagles was served with the motion on June 27, 2019. Doc. 28 at 10. In keeping with the role resembling that of a trustee for Plaintiff, the Commissioner filed a response to Plaintiff's counsel's motion, but did not oppose the motion. Doc. 29. *See generally, Gisbrecht* v. *Barnhart*, 535 U.S. 789, 798 n. 6 (2002).

---

[1] Commissioner of Social Security Andrew Saul is substituted as Defendant pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

Plaintiff did not file any objections.  For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

**II.     BACKGROUND**

On September 22, 2016, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act.  Doc. 1.  Plaintiff was represented by counsel pursuant to a contingent fee agreement.  Doc. 28-2.  On October 25, 2017, pursuant to the parties' stipulation, the Court ordered the case remanded pursuant to Sentence Four of 42 U.S.C. § 405(g).  Doc.  24.

Subsequently, the parties stipulated to attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $2820.78.  Doc. 27.  Plaintiff's attorney now seeks an award of attorney fees in the amount of $8000.00 pursuant to 42 U.C.S. § 406(b).  In support of the motion, counsel filed evidence indicating that Plaintiff was awarded approximately $58,034.00 in retroactive disability benefits. Doc. 28-4 at 3.  Counsel is seeking approximately 13.79 per cent of the retroactive benefits awarded for attorney's fees.

**III.    DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.  Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 789, 802).  The Commissioner has standing to challenge the award, despite the fact that the Section 406(b) attorney's fee award is

not paid by the government. *Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09. Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements. "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and counsel provides that the fee for successful prosecution in judicial review of an adverse decision of the Social Security Administration is 25% of the backpay awarded upon reversal of an unfavorable ALJ decision. Doc. 28-2. The

Court has considered counsel's representation of Plaintiff and the results achieved. Plaintiff's counsel indicates that a total of 15.5 hours was expended litigating Plaintiff's case in the district court. Doc. 22-3. There is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter. Counsel is an experienced attorney who secured a successful result for Plaintiff.

There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay. Moreover, the $8000.00 amount is not excessive in relation to the past-due award. *See generally Martinez v. Colvin*, 2016 WL 1600184 at *2 (E.D. Cal. Apr. 21, 2016) (No. 1:13-CV-01491-BAM) (awarding $12,000.00 for 15 hours of attorney time and 3.7 hours of paralegal time); *Viera v. Comm'r of Soc. Sec.*, 2013 WL 5934400 at *5 (E.D. Cal. Nov. 5, 2013) (No. 2:11-cv-2342-KJN) (awarding attorney's fees pursuant to Section 406(b) in the amount of $12,250.00 for 18.5 hours of work); *Dearden v. Comm'r of Soc. Sec.*, 2014 WL 6612036 at *2 (E.D. Cal. Nov. 20, 2014) (No. 1:12-cv-120-BAM) (granting attorney's fees pursuant to Section 406(b) in the amount of $16,474.00 for 24.7 hours); *Knudsen v. Colvin*, 2015 WL 4205319 at *2 (C.D. Cal. July 15, 2015) (No. CV 11-05093-JEM) (awarding attorney's fees in the amount of $26,000.00, approximately 20% of past due benefits). In making this determination, the Court also recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a windfall.").

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796. Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $2820.78. Therefore, any Section 406(b) fees awarded must be off-set by $2820.78 and refunded to Plaintiff.

**IV.    CONCLUSION AND ORDER**

For the reasons stated above, the fees sought by Plaintiff's counsel pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

4

1. The Motion for Attorney's Fees (Doc. 28) pursuant to Section 406(b) in the amount of $8000.00 is GRANTED.  The agency shall pay to Cyrus Safa the amount awarded in this order to the extent that there are funds available and any balance remaining to Plaintiff;

2. Plaintiff's counsel is ordered to refund to Plaintiff $2820.72 of the Section 406(b) fees awarded  as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d);

3. The Clerk of the Court is directed to serve a copy of this order on Plaintiff Darrin Ronald Beagles, 3552 Duke Avenue # 84, Fresno, CA 93727.

IT IS SO ORDERED.

Dated:   **July 18, 2019**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE